**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRYAN SCOTT PIERCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-283-JFH-GLJ** |
| | ) | |
| **PAULA JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Complaint [Docket No. 2] and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 3]. On August 28, 2026, the Court referred this matter to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 7]. For the reasons stated below, the undersigned Magistrate Judge recommends that this action be DISMISSED, *sua sponte*, and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied as MOOT.

### I. Background and Procedural History

Plaintiff, Bryan Scott Pierce, proceeding *pro se*, filed this action on August 13, 2026, against Paula Jones. Docket No. 2. Plaintiff's claims arise from an eviction, and he invokes both diversity jurisdiction and, seemingly, federal question jurisdiction. Docket No 2, at p. 3. The Complaint indicates both Plaintiff and Defendant are residents of Oklahoma, and that the federal question at issue is a "trust issue." Docket No. 2, at p. 3.

## II. Analysis

The Court reviews filings presented by Plaintiff pursuant to Section 1915 of the United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"Moreover, as federal courts are ones of limited jurisdiction, it is incumbent upon a federal district court to review a Plaintiff's complaint at the earliest possible stage to determine whether it has subject matter jurisdiction. . . . In this connection, a complaint will be deemed 'frivolous' under section 1955(e)(2) when a district court clearly lacks subject matter jurisdiction to consider the allegations of the complaint." *Walker v. Phoenix*, 2011 WL 52404, at *1 (E.D. Okla. Jan. 6, 2011) (citations omitted); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff alleges that he was falsely evicted from his father's home, most of his belongings remain in his father's residence, and there was an "illegal change [to his] father's insurance[.]" Docket No. 4, at p. 4. Even assuming the validity of Plaintiff's allegations, the undersigned Magistrate Judge finds the Court lacks subject matter jurisdiction. To establish diversity jurisdiction, "the complaint must allege that the plaintiff

and defendant are citizens of different states and that the amount in controversy is greater than $75,000." *Rice v. Off. of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001); 28 U.S.C. § 1332. Although Plaintiff invokes diversity jurisdiction, he has not alleged a claim involving citizens of different states but, rather, asserts both he and Defendant are citizens of Oklahoma. Accordingly, the undersigned Magistrate Judge finds the Court does not have subject matter jurisdiction under § 1332. *Salt Lake Tribune Pub. Co., LLC, v. AT&T Corp.*, 320 F.3d 1081, 1095-96 (10th Cir. 2003) ("It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Further, to the extent Plaintiff seems to invoke federal question jurisdiction because of a "trust issue," this is insufficient to establish a claim arising under federal law. Indeed, based on the allegations of the Complaint, the "trust issue" does not implicate any federal law but seems to relate to the administration of a testamentary/living trust or similar instrument. *See* Docket No. 2, at p. 4 ("I also need the Trust papers that were never given."). As such, the Complaint fails to invoke federal question jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (noting federal court cannot exercise federal question jurisdiction over a case absent a colorable claim arising under federal law.). Accordingly, the undersigned Magistrate Judge finds the Court lacks subject matter jurisdiction and recommends this action be dismissed without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks

jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

## CONCLUSION

Plaintiff fails to allege any facts showing that the Court has subject-matter jurisdiction. Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's action be DISMISSED without prejudice, for failure to state a claim upon which relief can be granted and Plaintiff's Motion to Proceed *In Forma Pauperis* [Docket No. 3] be denied as MOOT. Any objections to this Report and Recommendation must be filed within fourteen days, or by September 17, 2026. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED** this 8th day of September 2026.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**